BUSBY vs. TREADWELL.

Where a purchaser has been let into possession, and continues without interruption, under paramount title, he is not, in the absence of fraud, entitled to equitable relief from payment of the purchase money upon the ground of defect of title. *Hoppes vs. Cheek,* 21 *Ark.,* 588; *Worthington vs. Curd,* 22 *ib.,* 284; *Bolton vs. Branch, ib.,* 435.

A knowledge of incumbrances or defects of title, is no objection to recovery upon the covenants of the deed in a court of law; but it is a ground for equity to refuse relief out of the unpaid consideration; because it supposes that, with such knowledge, the vendee chose to rely upon the covenants; and to their legal effect he will be remitted. *Worthington vs. Curd, ubi sup.*

A vendee having given his note for certain lands, to be paid on a day certain, provided that if the lands were involved in suit concerning the title to the same, payment was not to be made until the suit should be decided; there being no suit pending, at the time of the coming to maturity of the note, involving the title to the lands so sold, the vendor's right of action was complete.

*Appeal from Jefferson Circuit Court in Chancery.*

Hon. JOHN C. MURRAY, Circuit Judge.

BELL, for appellant.

HUTCHINSON, for appellee.

Opinion prepared by E. H. ENGLISH, ESQ.—*See note, page* VIII.
Treadwell sold and conveyed to Busby, by deed with general covenants of warranty, a tract of land, and took the note copied

below for the purchase money: and Busby went into possession of the land. After the maturity of the note, Treadwell brought suit upon it, in the law side of the Jefferson circuit court, obtained judgment without defence, and Busby filed a bill for injunction, etc. Upon the hearing, the bill was dismissed for want of equity, and he appealed.

It appears from the allegation of the bill, and admissions of the answer, that William Waters claiming the land devised it as part of his real estate to his sons Robert and William T., and his daughter Delia, in common: that Robert Waters afterwards sold and conveyed the whole tract to Albright, who conveyed it to Treadwell, from whom Busby purchased.

It is shown by the answer that after the bill was filed, Treadwell purchased and obtained a conveyance of the interest of Delia Waters from her and her husband, leaving outstanding the title of William T. Waters.

There was an attempt to show that Wm. Waters, deceased, had no title to the land, and that the title was in the heirs of Wm. D. Taylor, but there was no competent proof of this.

In this aspect of the case, Busby stands in the attitude of a vendee in possession, under a deed with general covenants of warranty, attempting to enjoin the collection of the purchase money on account of a defect in the vendor's title.

The rule upon this subject was declared in *Hoppes vs. Cheek et al.*, 21 *Ark.*, 588, to be as follows:

" Where a purchaser has been let into possession and continues without interruption, under a paramount title, he is not, in the absence of fraud, entitled to equitable relief from payment of the purchase money, upon the ground of defect of title. In such a case, he must seek his remedy at law, on the covenants of his deed, etc. There are cases, however, in which it seems to have been held that the assertion and prosecution of an adverse title, coupled with the insolvency or non-residence of the party bound by the covenants, are sufficient to bring the case within the *quia*

*timet* jurisdiction, which in extraordinary cases courts of equity have exercised."

The rule so declared was affirmed, and followed in *Worthington vs. Curd & Co.*, 22 *Ark.*, 284, and in *Bolton vs. Branch, ib.*, 435.

In the case now before us, there is no showing that the vendor was insolvent or a non-resident, or that any adverse title was being asserted or prosecuted.

It was also held in *Worthington vs. Curd & Co.*, " that a knowledge of incumbrances, or defects of title, is no objection to recovery upon the covenants of the deed in a court of law; but it is a ground for equity to refuse relief out of the unpaid consideration, because it appears, that, with such knowledge the vendee chooses to rely upon the covenants, and to their legal effect he will be remitted."

Here, it was proven upon the hearing, that Busby was advised of the defects in Treadwell's title at the time the note for the purchase money was executed.

But Busby also attempted to protect himself by conditions expressed in the note, which remain to be considered.

The instrument is as follows:

" $680.                    Pine Bluff, Ark., Feb., 1st. 1858.

On or before the first day of January, A. D. 1859, I promise to pay to John R. Treadwell or order the sum of six hundred and eighty dollars, for value received, with ten per cent. interest per annum thereon from the first day of January, A. D. 1858, until paid: *provided*, that if the south-west quarter of the south-west quarter of section thirty-two, (32) in township six south, of range eight west, forty acres of land sold by the said Treadwell to me, and for which the above note is given, is involved in suit concerning the title to the same, this note is not to be paid until the said suit is decided, and if it is decided that the title to the said land is not good, the above note is to be null and void.

(Signed)                              J. J. BUSBY."

The legal effect of this instrument is that the money was to be

paid on the first of January following the date of its execution, with a *proviso* that if the land should at that time be involved in suit, the money was not to be paid until the suit was decided, and if decided adversely to the title, the note was to be void.

If it was not the intention of the parties that the contingency of apprehended litigation about the title to the land, was to be considered at the maturity of the note, then no time was fixed at all, and the maker of the instrument might claim an indefinite delay of payment. Such a construction of the instrument would be unreasonable. If the maker desired longer time than the maturity of the note to test the contingency of litigation, he should have insisted on an expression of it in the instrument.

There is no allegation in the bill that the title to the land was involved in suit at the maturity of the note, or at any time thereafter.

The decree of the court below must be affirmed.